Stanley M. Hammerman, Esq.,(#004048)
**HAMMERMAN & HULTGREN, P.C.**
3101 N. Central Avenue, Suite 1030
Phoenix, Arizona 85012
Telephone: (602) 264-2566
Facsimile: (602) 266-3488
Minute_Entry@hammerman-hultgren.com

Attorneys for Defendant/Counterclaimant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PharMerica Mountain, LLC d/b/a PharMerica, a Delaware limited liability company,<br><br>Plaintiff/Counterdefendant,<br><br>vs.<br><br>Arizona Rehab Campus, LLC d/b/a Arizona Rehab Campus, an Arizona limited liability company,<br><br>Defendant/Counterclaimant. | NO. 4:20-cv-00493-RM<br><br>**ANSWER AND COUNTERCLAIM** |

Defendant, Arizona Rehab Campus, LLC dba Arizona Rehab Campus, by and through its counsel undersigned, as and for its Answer to Plaintiff's Complaint, hereby admits, denies, and alleges, as follows:

**NATURE OF THE ACTION**

1.  Defendant denies the allegations contained in paragraph 1 of the Complaint.

**THE PARTIES**

2.  In responding to paragraph 2 of the Complaint, Defendant is without sufficient knowledge and information to determine the truth or falsity of the allegations set forth therein and therefore denies the same.

3.  In responding to paragraph 3 of the Complaint, Defendant admits that it is an Arizona limited liability company and denies the remaining allegations as

they are irrelevant and immaterial.

## JURISDICTION AND VENUE

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. In responding to the allegation contained in paragraph 11 of the Complaint, Defendant affirmatively alleges that it is only obligated to remit for those bills for which it is **responsible** and, therefore, this allegation is denied.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint as it does not accurately summarize what the PSA says.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. In responding to paragraph 23 of the Complaint, Defendant is without sufficient knowledge and information to determine the truth or falsity of the allegations set forth therein and therefore denies the same.

24. In responding to paragraph 24 of the Complaint, Defendant is without sufficient knowledge and information to determine the truth or falsity of the allegations set forth therein and therefore denies the same.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. In responding to the allegations contained in paragraph 27 of the Complaint, Defendant affirmatively alleges that there are no residents at the facility and therefore deny said paragraph.

28. In responding to the allegations contained in paragraph 28 of the Complaint, Defendant affirmatively alleges that there are no Banner Residents and, therefore, denies said paragraph.

29. In responding to the allegations contained in paragraph 29 of the Complaint, Defendant affirmatively alleges that there are no Banner Residents and, therefore, denies said paragraph.

30. In responding to the allegations contained in paragraph 30 of the Complaint, Defendant affirmatively alleges that there are no Banner Residents and, therefore, denies said paragraph.

31. Defendant denies paragraph 31 of the Complaint as it is a summary of the Plaintiff's interpretation and does not properly quote the obligations of the parties.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant admits the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint and affirmatively alleges that it received medications from the Plaintiff.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant admits the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. In responding to paragraph 43 of the Complaint, Defendant affirmatively alleges that the time frame described therein is inaccurate and therefore denies said paragraph.

44. In responding to paragraph 44 of the Complaint, Defendant is without sufficient knowledge and information to determine the truth or falsity of the allegations set forth therein and therefore denies the same.

45. In responding to paragraph 45 of the Complaint, Defendant is without sufficient knowledge and information to determine the truth or falsity of the allegations set forth therein and therefore denies the same.

46. In responding to paragraph 46 of the Complaint, Defendant is without sufficient knowledge and information to determine the truth or falsity of the allegations set forth therein and therefore denies the same.

47. In responding to paragraph 47 of the Complaint, Defendant is without sufficient knowledge and information to determine the truth or falsity of the allegations set forth therein and therefore denies the same.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. In responding to the allegations contained in paragraph 54 of the Complaint, Defendant admits that notice was sent, but denies being in breach and that there are any monies owed.

55. In responding to the allegations contained in paragraph 55 of the Complaint, Defendant admits that notice was sent, but denies the remaining allegations in said paragraph.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant admits the allegations contained in paragraph 57 of the Complaint.

58. In response to paragraph 58 of the Complaint, Defendant admits that it paid monies to Plaintiff and denies the remainder of said paragraph.

59. In response to paragraph 59 of the Complaint, Defendant admits that it made payments to Plaintiff and denies the remainder of said paragraph.

60. In response to paragraph 60 of the Complaint, Defendant admits Plaintiff's request to discuss billing issues occurred. It affirmatively alleges that there is no such thing as Banner Residents and denies the remainder of said paragraph.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant admits the allegations contained in paragraph 64 of the Complaint.

65. In responding to the allegations contained in paragraph 65 of the Complaint, Defendant admits that it received Plaintiff's notification, but denies being in breach.

66. In responding to paragraph 66 of the Complaint, Defendant admits that Plaintiff expressed an interest in meeting with Defendant and Banner but denies the remainder of said paragraph

67. Defendant admits the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. In responding to paragraph 69 of the Complaint, Defendant admits receiving notice, but denies the remaining allegations of said paragraph.

70. In responding to paragraph 70 of the Complaint, Defendant admits that notice was sent, but denies the remaining allegations of said paragraph.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

73. In responding to paragraph 73 of the Complaint, Defendant is without sufficient knowledge and information to determine the truth or falsity of the allegations set forth therein and therefore denies the same.

74. In responding to paragraph 74 of the Complaint, Defendant is without sufficient knowledge and information to determine the truth or falsity of the allegations set forth therein and therefore denies the same.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

## COUNT I
**(Breach of Contract)**

**77.** Paragraph 77 of the Complaint does not contain any allegations relating to Defendant and therefore no response is necessary. To the extent that there are any allegations contained in Paragraph 77 that are intended to relate to Defendant, those allegations are denied.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in paragraph 83 of the Complaint and affirmatively alleges that it is entitled to its attorneys' fees and costs incurred in defending this lawsuit.

## COUNT II
**(Unjust Enrichment/Constructive Trust)**

84. Paragraph 84 of the Complaint does not contain any allegations relating to Defendant and therefore no response is necessary. To the extent that there are any allegations contained in Paragraph 84 that are intended to relate to Defendant, those allegations are denied.

85. Paragraph 85 of the Complaint does not contain any allegations relating to Defendant and therefore no response is necessary. To the extent that there are any allegations contained in Paragraph 85 that are intended to relate to Defendant, those allegations are denied.

86. Defendant denies the allegations contained in paragraph 86 of the Complaint and affirmatively alleges that the Plaintiff conferred a benefit to the client and not to the Defendant.

87. Defendant denies the allegations contained in paragraph 87 of the Complaint, and affirmatively alleges that there is no obligation for it to pay.

88. Defendant denies the allegations contained in paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in paragraph 95 of the Complaint.

## COUNT III
**(Promissory Estoppel)**

96. Paragraph 96 of the Complaint does not contain any allegations relating to Defendant and therefore no response is necessary. To the extent that there are any allegations contained in Paragraph 96 that are intended to relate to Defendant, those allegations are denied.

97. Paragraph 97 of the Complaint does not contain any allegations relating to Defendant and therefore no response is necessary. To the extent that there are any allegations contained in Paragraph 97 that are intended to relate to Defendant, those allegations are denied.

98. Defendant denies the allegations contained in paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in paragraph 105 of the Complaint.

## COUNT IV
### (Quantum Meruit)

106. Paragraph 106 of the Complaint does not contain any allegations relating to Defendant and therefore no response is necessary. To the extent that there are any allegations contained in Paragraph 106 that are intended to relate to Defendant, those allegations are denied.

107. Paragraph 107 of the Complaint does not contain any allegations relating to Defendant and therefore no response is necessary. To the extent that there are any allegations contained in Paragraph 107 that are intended to relate to Defendant, those allegations are denied.

108. Defendant denies the allegations contained in paragraph 108 of the Complaint.

109. Defendant denies the allegations contained in paragraph 109 of the Complaint.

110. Defendant denies the allegations contained in paragraph 110 of the Complaint.

## COUNT V
### (Account Stated/Open Account)

111. Paragraph 111 of the Complaint does not contain any allegations relating to Defendant and therefore no response is necessary. To the extent that there are any allegations contained in Paragraph 111 that are intended to relate to Defendant, those allegations are denied.

112. Paragraph 112 of the Complaint does not contain any allegations relating to Defendant and therefore no response is necessary. To the extent that

1  there are any allegations contained in Paragraph 112 that are intended to relate to Defendant, those allegations are denied.

113. Defendant denies the allegations contained in paragraph 113 of the Complaint.

114. Defendant denies the allegations contained in paragraph 114 of the Complaint and affirmatively alleges that Plaintiff failed to properly provide detailed invoices to Defendant.

115. Defendant denies the allegations contained in paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in paragraph 116 of the Complaint.

117. Defendant denies the allegations contained in paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in paragraph 118 of the Complaint.

### COUNT VI
### (Fraud)

119. Paragraph 119 of the Complaint does not contain any allegations relating to Defendant and therefore no response is necessary. To the extent that there are any allegations contained in Paragraph 119 that are intended to relate to Defendant, those allegations are denied.

120. Defendant denies the allegations contained in paragraph 120 of the Complaint.

121. Defendant denies the allegations contained in paragraph 121 of the Complaint.

122. Defendant denies the allegations contained in paragraph 122 of the Complaint.

1  123. Defendant denies the allegations contained in paragraph 123 of the Complaint.

3  124. Defendant denies the allegations contained in paragraph 124 of the Complaint.

5  125. Defendant denies the allegations contained in paragraph 125 of the Complaint.

7  126. Defendant denies the allegations contained in paragraph 126 of the Complaint.

9  127. Defendant denies the allegations contained in paragraph 127 of the Complaint.

11  128. Defendant denies the allegations contained in paragraph 128 of the Complaint.

13  129. Defendant denies the allegations contained in paragraph 129 of the Complaint.

15  130. Defendant denies the allegations contained in paragraph 130 of the Complaint.

17  131. Defendant denies each and every allegation not specifically admitted to herein.

### **AFFIRMATIVE DEFENSES**

132. Defendant affirmatively alleges that the Complaint fails to state a claim upon which relief may be granted.

133. Regarding the Plaintiff's fraud allegation, Defendant affirmatively alleges that such allegation is reckless, not based on law or fact, and violates Rule 11, Fed.R.Civ.P.

134. Additional facts may be revealed by further discovery which will support affirmative defenses presently available to, but unknown by, Defendant. Accordingly, Defendant hereby conditionally alleges all of the defenses enumerated

1 | in Rules 8 and 12, Fed.R.Civ.P.

2 | 135. Pursuant to contract and/or A.R.S. §12-341.01, Defendant is entitled to recover its reasonable attorneys' fees arising from this litigation, as well as costs incurred herein.

**WHEREFORE,** having fully responded to the Complaint in this matter, Defendant respectfully requests:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiff take nothing thereby;

3. That Defendant be awarded its costs and attorneys' fees incurred herein; and

4. That Defendant be awarded such other and further relief that the Court may deem just and proper.

## **COUNTERCLAIM**

For its Counterclaim against Plaintiff/Counterdefendant PharMerica Mountain, LLC d/b/a PharMerica, Defendant/Counterclaimant Arizona Rehab Campus, LLC d/b/a Arizona Rehab Campus alleges as follows:

1. Defendant/Counterclaimant Arizona Rehab Campus, LLC d/b/a Arizona Rehab Campus ("ARC") is an Arizona limited liability company.

2. Upon information and belief, Plaintiff/Counterdefendant PharMerica Mountain, LLC d/b/a PharMerica ("PharMerica") is a Delaware limited liability company.

3. Jurisdiction and venue are proper before this Court.

### **COUNT I**
**(Unjust Enrichment)**

4. On August 1, 2017, PharMerica entered into a Pharmacy Services Agreement (the "PSA") with ARC.

5. Pursuant to the PSA, PharMerica was obligated to provide pharmaceuticals to various clients who were being served by ARC.

6. Pursuant to the PSA, PharMerica was to be compensated by the client, their private insurance carrier, the Arizona Health Care Cost Containment System ("AHCCCS"), or a combination thereof.

7. In January 2020, PharMerica demanded that ARC commence periodic payments in the amount of $10,000.00 in order to continue providing Products pursuant to the PSA.

8. ARC was not legally obligated to pay PharMerica these sums, however, PharMerica threatened to terminate Product deliveries pursuant to the PSA unless these payments were made.

9. Rather than risk immediate termination of the agreement between the parties and stop providing pharmaceuticals to the clients, from January 10, 2020 to June 12, 2020, ARC made payments to PharMerica totaling the amount of $60,000.00.

10. As a result of the foregoing, PharMerica has become enriched to ARC's detriment, and ARC has sustained an impoverishment without legal justification.

11. Since PharMerica was not legally entitled to these payments, it has been unjustly enriched in the amount of $60,000.00 plus interest thereon which should be refunded to ARC.

**WHEREFORE**, Defendant/Counterclaimant Arizona Rehab Campus, LLC d/b/a Arizona Rehab Campus requests the Judgment be entered in its favor and against Plaintiff/ Counterdefendant PharMerica Mountain, LLC d/b/a PharMerica as follows:

A. For compensatory damages in an amount to be proven at trial, but in any event, not less than $60,000.00;

B. For interest on the amount of damages at the highest legal rate from the date of judgment until paid in full;

. . .

C.     For such other and further relief as the Court deems just and proper.

**DATED** this 11th day of December, 2020.

                              **HAMMERMAN & HULTGREN, P.C.**

                              /s/ Stanley M. Hammerman
                              Stanley M. Hammerman
                              3101 N. Central Avenue, Suite 1030
                              Phoenix, Arizona 85012
                              Attorneys for Defendant/Counterclaimant

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and on the same date electronically mailed a copy of the same to:

Monica A. Limón-Wynn, Esq.
LIMÓN-WYNN LAW, PLLC
1400 E. Southern Avenue, Ste. 915
Tempe, AZ 85282-8008
mlimon-wynn@mlwlawaz.com
Attorneys for Plaintiff/Counterdefendant

Jennifer Metzger Stinnett, Esq.
FULTZ MADDOX DICKENS PLC
101 S. Fifth Street, 27th Floor
Louisville, KY 40202
jstinnett@fmdlegal.com
Attorneys for Plaintiff/Counterdefendant

/s/ Tina M. Ziegler