**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PharMerica Mountain LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Rehab Campus LLC,<br><br>    Defendant. | No. CV-20-00493-TUC-RM<br><br>**ORDER** |

On October 26, 2021, the parties notified chambers of discovery disputes pursuant to the Scheduling Order's discovery-dispute resolution procedures. During the telephonic conference on November 3, 2021, the parties presented their respective positions regarding the production of certain documents that Plaintiff PharMerica ("Plaintiff" or "PharMerica") requested, and Defendant Arizona Rehab ("Defendant" or "Arizona Rehab") has not produced. During the telephonic conference, the parties reached agreement on certain discovery disputes; those agreements will be memorialized as set forth herein. The remaining disputes will be resolved as set forth herein.

**I.    Background**

Plaintiff PharMerica, a provider of pharmacy goods and services to health care facilities, brought this action to collect amounts it claims are owed to it for drugs and other pharmaceutical goods and services it provided to Defendant Arizona Rehab

Facility. (Doc. 11.) Plaintiff claims that Defendant breached the terms of the parties' Pharmacy Services Agreement ("PSA"), the contract setting forth the parties' respective rights and obligations with respect to billing and billing disputes. (*Id.*) Specifically, Plaintiff alleges that Defendant failed to provide correct data regarding its facility's residents, which led to confusion over which entity Plaintiff should bill for its goods and services. (*Id.*) As a result of the confusion, Plaintiff billed both Banner, a third-party Managed Medicare Organization, and Defendant. (*Id.*) Banner informed Plaintiff that, pursuant to a contract between Banner and Arizona Rehab, it paid Arizona Rehab a per diem rate for each resident and that therefore PharMerica should bill Arizona Rehab directly. (*Id.*) Plaintiff then billed Defendant for hundreds of thousands of dollars' worth of pharmacy goods and services. (*Id.*) The parties agreed to pre-payments of $10,000 per week starting in May 2020. (*Id.*) When Defendant did not continue making these payments, Plaintiff terminated the PSA in September 2020. (*Id.*) Shortly thereafter, Defendant placed a monthly order totaling $83,000, whereas its previous monthly orders had averaged between $3,000 and $5,000. (*Id.*) Plaintiff alleges that the final $83,000 order was placed with intent to defraud and that Defendant never intended to pay for it, but rather was seeking to stockpile pharmaceutical supplies before the PSA was terminated. (*Id.*)

Defendant disputes that it is liable to Plaintiff for any amount and claims that it fulfilled the terms of the PSA. (*Id.*) Specifically, Defendant argues that, pursuant to the PSA, Plaintiff should have arranged for payment for its goods and services directly from clients (i.e., patients, Banner, private insurance carriers, and/or the Arizona Health Care Cost Containment System ("AHCCCS")). (*Id.*) Defendant avers that it agreed to make the weekly $10,000 payments so that its pharmaceutical supply would not be discontinued to the detriment of its patients, and it contends that it did not actually owe Plaintiff that money. (*Id.*) Thus, Defendant brings a counterclaim against Plaintiff for $60,000. (*Id.*)

. . . .

. . . .

## II. Applicable Law

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

## III. Discovery Disputes

Plaintiff raised four categories of discovery disputes during the telephonic conference. The parties additionally notified the Court that several depositions pursuant to Fed. R. Civ. P. 30(b)(6) are scheduled for the week of November 8, 2021, and that discovery is currently set to close on November 12, 2021. (*See* Doc. 44.)

Plaintiff previously filed a Motion to Compel (Doc. 41) which it later moved to withdraw, stating that it intended to file an Amended Motion to Compel if deemed necessary following its review of Defendant's most recent production of documents (Doc. 49). The Court granted the Motion to Withdraw and withdrew the Motion to Compel without prejudice. (Doc. 52.) At the telephonic conference, Plaintiff stated that the disputes raised during the conference were identical to the disputes raised in the Motion to Compel. However, Plaintiff has not filed an Amended Motion to Compel, nor has it sought leave from the Court to do so. As discovery closes on November 12, 2021, the Court will resolve the disputes without the benefit of additional briefing. The Court's original Scheduling Order provides that "[a]bsent extraordinary circumstances, the Court will not entertain discovery disputes after the deadline for completion of discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines." (Doc. 12.)

### A. Interrogatory No. 10

Plaintiff argues that Defendant failed to properly respond to Interrogatory No. 10 and seeks to compel a response. Interrogatory No. 10 states:

> If you contend that you are not indebted to PharMerica for the goods and services provided to you by PharMerica in the principal amount of $775,087.42, as shown on Exhibit 2, state the total amount of money you claim is due and owing to PharMerica for the goods and services provided to you through and including the date of your answer to these Interrogatories, explain the manner in which you made the calculation, explain the basis for your assertion, and identify all documents upon which you rely to make your assertion and all persons having knowledge relating to your response to this Interrogatory.

(*See* Doc. 41-1 at 8-9.) Defendant responded that it owes Plaintiff nothing. Plaintiff argues that this response is inadequate because (1) it fails to provide an explanation and (2) the response is not based on specific invoice amounts or other documentation.

Plaintiff's request to compel a response to Interrogatory No. 10 will be denied. The Court finds that Defendant has adequately stated its position that it owes Plaintiff nothing and that Plaintiff owes it $60,000, and that the burden of providing a further explanation of this position at this time outweighs the likely benefit of that production.

### B. Request for Production ("RFP") No. 5

Plaintiff argues that Defendant failed to properly respond to RFP No. 5 and seeks disclosure of any communications between Defendant and Banner that were not already disclosed. RFP No. 5 seeks:

> All documents from January 1, 2017 to the present that refer to, relate to, constitute, or embody internal communications that have passed between your agents, representatives, employees, officers, directors, or owners regarding Banner, as Banner relates to the goods and services PharMerica provided to the Facility, pharmacy drugs and services included in the per diem or any other reimbursement paid by Banner, or the allocation of financial responsibility between you and Banner for payment to PharMerica for said goods and services.

(*See* Doc. 41-1 at 2.) Defendant responded that it had already disclosed all such communications.

Plaintiff clarified at the telephonic conference that its intent in seeking this disclosure is to ensure that if Defendant takes a position in this litigation based on a communication it had with Banner, that position is supported by appropriate and adequate documentation. The Court will grant this request and will order Defendant to produce any communications with Banner upon which it will base its positions or defenses in this litigation. Defendant will be precluded from taking a position or raising a defense on summary judgment or at trial that is based on any communication it had with Banner that is not disclosed prior to the close of discovery.

**C. RFP No. 4**

Plaintiff argues that Defendant failed to properly respond to RFP No. 4 and seeks to compel responses. RFP No. 4 seeks:

> All documents from January 1, 2017 to the present that refer to, relate to, constitute, or embody internal communications that have passed between your agents, representatives, employees, officers, directors, or owners regarding PharMerica, the goods and services PharMerica provided, or the amounts owing to PharMerica.

(*See* Doc. 41-1 at 1.)

During the telephonic conference, Plaintiff stated that its dispute with Defendant's responses to these RFPs would be resolved if Defendant conducted a search of its documents using the search terms "PharMerica" and "PMC" and produced any documents responsive to those search terms. Defendant agreed that it would do so. Accordingly, the Court will order Defendant to conduct a search of its documentation of internal communications using the search terms "PharMerica" and "PMC" and to disclose all responsive documents before the close of discovery.

**D. RFPs Nos. 6, 7, 8, 25 (Financial Documents)**

Lastly, Plaintiff seeks four categories of financial documents as set forth in RFPs Nos. 6, 7, 8, and 25. RFP No. 6 seeks:

> All auditor's reports (including schedules, footnotes, and attachments), audited financial statements (including balance sheets, income statements, statements of cash flow, and footnotes), and unaudited financial statements (including balance sheets, income statements, statement of cash flow, and footnotes) prepared by you or on your behalf since January 1, 2017.

RFP No. 7 seeks:

> [A]ll accounts payable journals, spreadsheets, and schedules prepared by you or on your behalf since January 1, 2017 related to the goods and services provided by PharMerica.

RFP No. 8 seeks:

> [A]ll tax returns (including schedules and attachments), tax work papers, post-closing trial balances, K-1's, and any other documents provided to a tax preparer or prepared by you or on your behalf since January 1, 2017.

(*See* Doc. 41-1 at 10-13.) RFP No. 25 seeks information regarding per diem payments that Defendant received from Banner and other third-party Medicaid Management organizations, specifically, a record of per diem payments received from Banner for PharMerica's goods and services.[1] Defendant responded that no such documents exist and has argued that the per diem payments from Banner to Arizona Rehab did not cover pharmaceuticals. At the telephonic conference, Defendant stated that it was not aware of this issue prior to the conference and reiterated its position that because pharmacy goods and services were not included in the per diem payments, no such documents exist and therefore no production is warranted.

During the telephonic conference, Defendant agreed to produce the accounts payable journals prior to the depositions for which they are relevant. Accordingly, the Court will order Defendant to do so. The remaining discovery requests will be denied. The Court finds that Plaintiff has not met its burden of showing that these documents are relevant to its claims nor that the burden of their production is proportionate to the needs of the case.

---

[1] Neither the text of RFP No. 25 nor Plaintiff's arguments regarding the same are set forth in the attachment to its withdrawn Motion to Compel. (*See* Doc. 41-1.)

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's request to compel a response to Interrogatory No. 10 is **denied without prejudice**.

(2) Plaintiff's request to compel a response to RFP No. 5 is **granted**. Defendant shall produce any communications with Banner upon which it will base its positions or defenses in this litigation. Defendant will be precluded from taking a position or raising a defense on summary judgment or at trial that is based on any communication it had with Banner that is not disclosed prior to the close of discovery.

(3) Plaintiff's request to compel a response to RFP No. 4 is **granted**. Defendant shall conduct a search of its documentation of internal communications using the search terms "PharMerica" and "PMC" and shall disclose all responsive documents before the close of discovery.

(4) Plaintiff's request to compel a response to RFP No. 7 is **granted**. Defendant shall produce all accounts payable journals and other financial documents responsive to RFP No. 7 before the close of discovery.

(5) Plaintiff's requests to compel responses to RFPs Nos. 6, 8, and 25 are **denied without prejudice**.

Dated this 4th day of November, 2021.

Honorable Rosemary Márquez
United States District Judge