WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PharMerica Mountain LLC, | No. CV-20-00493-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Rehab Campus LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Strike Defendant's Supplemental Expert Disclosure. (Doc. 57.)[1] Defendant responded in opposition (Doc. 71) and Plaintiff replied (Doc. 72). For the following reasons the Motion to Strike will be granted.

**I.     Background**

This action alleging breach of contract and related claims arises out of Defendant Arizona Rehab Campus's ("Defendant" or "Arizona Rehab Campus") alleged failure to pay Plaintiff PharMerica Mountain LLC ("Plaintiff" or "PharMerica") for pharmacy goods and services acquired pursuant to a Pharmacy Services Agreement. (*See* Doc. 1.) Plaintiff alleges that Defendant owes approximately $775,000 in outstanding payments, as well as approximately $83,000 for pharmacy goods and services that it acquired

---

[1] Also pending are the parties' Motions for Partial Summary Judgment (Docs. 58, 60), which will be resolved separately.

without intending to pay for them. (*See id.*) Defendant filed a counterclaim for approximately $60,000. (*See* Doc. 6.)

The instant dispute involves a supplemental expert report that Defendant disclosed on November 12, 2021, the date that discovery closed. (*See* Docs. 57, 71.) Defendant timely disclosed Glassman's original expert report on August 23, 2021. (Doc. 35; Doc. 57 at 2.) Plaintiff timely served its rebuttal expert disclosure on September 23, 2021. (Doc. 47; Doc. 57 at 2.) On October 25, 2021, the Court denied Plaintiff's Motion to Exclude Glassman Testimony, stating that the Motion was premature as discovery had not yet concluded and Glassman had not been deposed. (Doc. 53.) Plaintiff deposed Glassman on November 10, 2021. (Doc. 57 at 3.) Defendant produced Glassman's supplemental expert report that is the subject of this dispute on November 12, 2021. (*Id.*)

The supplemental report analyzes additional documents that Glassman received on November 11, 2021. (*Id.*; *see also* Doc. 57-1.) The supplemental report states that Glassman's review of the additional documents "confirms the accuracy" of Glassman's original August 23, 2021 report and that the additional documents reviewed for the supplemental report "have no impact whatsoever" on the findings in the original report. (Doc. 57-1.) However, the supplemental report contains at least six new opinions not contained in the original report. (*See* Doc. 57 at 8-9; Doc. 57-1.) Furthermore, the "new" information Glassman reviews in the supplemental report was available to Defendant either before or shortly after Glassman prepared her original report and was available prior to Glassman's deposition. (*See* Doc. 57 at 6, Doc. 71 at 4-7.) The only two exhibits Glassman reviews in the supplemental report that Plaintiff did not produce to Defendant before Glassman's original report are (1) PharMerica's contract with MedImpact, produced on October 21, 2021, and (2) PharMerica's point-of-sale data for every prescription drug ordered by Arizona Rehab, including which payor(s) a claim was submitted to, dates of submission, and the result of same (the "POS Data"), produced on September 17, 2021. (Doc. 57 at 2, 7-8.)

Plaintiff argues that the supplemental expert report should be excluded because (1) it is untimely; (2) it is not a "supplemental" report within the meaning of Fed. R. Civ. P. 26(e); and (3) the untimely expert disclosure is not substantially justified or harmless. (Doc. 57.) First, Plaintiff argues that the supplemental report is untimely because it was disclosed over two months after the expiration of the expert disclosure deadline of August 23, 2021 and after Plaintiff deposed Glassman. (*Id*. at 5.) Second, Plaintiff argues that the supplemental report is not actually "supplemental" within the meaning of Rule 26(e) because (1) it refers to material and documents that Glassman's original report did not consider but that were available to Defendant at the time of Glassman's original report and (2) the supplemental report merely strengthens or deepens the original report. (*Id*. at 5-9.) Plaintiff admits that the supplemental report reviews a few documents that Plaintiff produced after Glassman prepared her original report; however, those documents were produced prior to Glassman's deposition and Defendant has offered no explanation for why it did not provide Glassman with the documents before her deposition to enable her to produce the supplemental report sooner. (*Id*. at 6-8.) Plaintiff argues that the disclosure of the supplemental report after Glassman's deposition leaves Plaintiff no opportunity to question her about the findings in the supplemental report. (*Id*. at 6-8.) Lastly, Plaintiff argues that the untimely expert disclosure is not substantially justified or harmless because (1) the late disclosure prejudices Plaintiff and (2) Defendant could have, but did not, produce the supplemental report earlier and has provided no reason why it did not. (*Id*. at 10-13.)

In response, Defendant argues that (1) it made a good-faith effort to obtain all documents during discovery and therefore it should not be faulted for any delays in doing so; (2) its decision to provide Glassman with data and documents subsequent to her deposition was the result of Defendant's ignorance regarding what was contained within certain files and was informed by "clues" that came to light during Glassman's deposition; (3) delays in the discovery process are the result of Defendant's comparative lack of understanding of the pharmaceutical industry and its lack of awareness that

certain documents would have been useful for Glassman to review earlier; and (4) applicable law permits the disclosure of the supplemental expert report at this stage of the case. (Doc. 71.) Defendant asks that a determination of the admissibility of the supplemental expert report be deferred until a *Daubert*[2] hearing.

In reply, Plaintiff contends first that the Motion is ripe for decision and need not be delayed until a *Daubert* hearing. (Doc. 72.) Next, it argues that Defendant's claimed ignorance does not justify its lack of diligence in the discovery process, specifically its failure to seek, identify, or provide information in a timely manner. (*Id.* at 2-6.) Plaintiff argues that Defendant is now improperly attempting to shift the blame for its failure to properly request, identify, and review the documents it needed onto Plaintiff. (*Id.* at 3-6.)

## II. Applicable Law

A party must disclose a written report for any witness who will provide expert testimony. The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Additionally, parties have a duty to supplement reports and disclosures under Fed. R. Civ. P. 26(e). That rule states:

> (1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

---

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

- 4 -

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.
> (2) Expert Witness. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e). If a party fails to provide the information required by Rule 26(a) or (e) in connection with expert testimony, the party is "not allowed to use that information or witness to supply evidence" unless the failure to disclose is "substantially justified or harmless." Fed. R. Civ. P. 37(c).

"[S]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009) (mem.) (internal quotation marks omitted). Rule 26(e) "creates a duty to supplement, not a right[,]" and does not "create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Id.* at 500.

"Supplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a supplement." *Krause v. Cty. of Mohave*, 459 F. Supp. 3d 1258, 1269 (D. Ariz. 2020) (internal citation and quotation omitted). Even if the opinions contained in a supplementary disclosure are new, they cannot be considered supplemental if they are not based on new information. *Id.* (internal citation omitted). "A supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper

supplementation and subject to exclusion under Rule 37(c)." *Id*. (citing *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010)).

"Parties must make [] expert disclosures at the times and in the sequence that the Court orders." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing Fed. R. Civ. P. 26(a)(2)(D)). It is the disclosing party's burden to provide timely, accurate, and sufficient Rule 26(a)(2)(B) disclosures. *Krause*, 459 F. Supp. 3d at 1269. Where a party misses the deadline for disclosing expert reports, Rule 37(c) acts as a "self-executing" and "automatic" sanction to "provide a strong inducement for disclosure of material[.]" *Id*. (citing Fed. R. Civ. P. 37, Advisory Committee's Note (1993)).

To determine whether a failure to properly disclose evidence is "substantially justified or harmless, Courts consider the following factors, among others: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Krause*, 459 F. Supp. 3d at 1270 (internal citation omitted). Where late disclosure of a supplemental expert opinion deprives a party of the opportunity to rebut the expert's new opinions with expert testimony of its own or to meaningfully depose the expert on her new opinions, courts have found that the late disclosure is not substantially justified or harmless. *See id*. at 1270. Where a late disclosure occurs immediately before the close of discovery and months after the initial expert disclosure deadline, and where the new opinions were formed based on evidence the party already possessed, those facts further weigh against finding a late disclosure substantially justified or harmless. *See id*.

### III. Analysis

Unless Glassman's expert report disclosed on November 12, 2021 properly qualifies as a supplement under Rule 26(e), it is an untimely expert report. Initial expert disclosures were due on August 23, 2021 (Doc. 33), and rebuttal expert disclosures were

due on September 23, 2021 (Doc. 44), but Glassman's second report was not disclosed until November 12, 2021.

The Court finds that Glassman's second report is not a "supplemental" report within the meaning of Federal Rule of Civil Procedure 26(e). The duty to supplement arises when a party learns that "in some material respect [a] disclosure [] is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Defendant does not explain why the supplemental report is necessary to fulfill Defendant's duty to supplement under Rule 26, and there is no indication that Glassman's original report was "incomplete or incorrect" or that the supplemental report is intended to remedy such errors or incompleteness. In fact, the supplemental report states that its findings "further confirm the accuracy" of and "have no impact whatsoever" on the findings in Glassman's original report. Thus, by its own admission, the supplemental report serves to strengthen or shore up Glassman's original report and therefore is beyond the scope of proper supplementation. Furthermore, although the supplemental report does consider documents that Glassman did not receive until November 11, 2021, the delay in Glassman receiving those documents is properly attributable to Defendant, not Plaintiff.[3] Defendant seeks to justify its late disclosure of the supplemental report by stating that it was not aware that it should have provided Glassman with certain "new" information reviewed in the supplemental report until after Glassman's deposition, but such averments are not sufficient to support a finding that the report is "supplemental" within the meaning of Rule 26(e).

The late disclosure of Glassman's supplemental report is not substantially justified or harmless. Clear prejudice to Plaintiff would result from permitting the supplemental report to be used as evidence moving forward in this litigation. As the supplemental report was disclosed after the rebuttal expert disclosure deadline, and on the very last day of discovery, Plaintiff's expert had no opportunity to address Glassman's supplemental report. The report was also disclosed after Glassman's deposition, giving Plaintiff no opportunity to depose Glassman regarding it. Defendant's averments regarding the timing

---

[3] *See* Doc. 71 at 6-7.

of the disclosure of the report do not support a finding that the delay was substantially justified. Defendant's arguments rest on its assertions that it made a good-faith effort to timely provide Glassman with relevant materials and that its failure to do so was due to its ignorance or lack of awareness of the contents of the materials that Plaintiff had produced. While these arguments may show a lack of bad faith or willfulness on Defendant's part, the prejudice to Plaintiff, and Plaintiff's inability to cure the prejudice at this stage of the litigation, still support a finding that the late disclosure is not substantially justified or harmless.

Lastly, Defendant's argument that the Court's determination of the admissibility of the supplemental report should be deferred until a *Daubert* hearing is not supported by mandatory authority, and the Court declines to exercise its discretion to defer its decision.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike Defendant's Supplemental Expert Disclosure (Doc. 57) is **granted**. The supplemental expert report authored by Rochelle C. Glassman is **excluded.**

Dated this 26th day of May, 2022.

_____
Honorable Rosemary Márquez
United States District Judge