**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PharMerica Mountain LLC, | No. CV-20-00493-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Rehab Campus LLC, | |
| Defendant. | |

      Pending before the Court is Plaintiff's Motion for Entry of Final Judgment. (Doc. 87.) Defendant has not responded and the time for doing so has expired. *See* LRCiv 7.2(c). Plaintiff seeks to conclude and resolve this action by forgoing its remaining claims and damages that it reserved for trial prior to resolution of dispositive briefing.

      On August 9, 2022, the Court granted partial summary judgment on Count I in favor of Plaintiff and found Defendant liable to Plaintiff for the total amount of $877,395.26, comprised of $667,700.42 in principal and $209,694.84 in contractual interest, plus $378.45 in contractual interest accruing after December 2, 2021. (Doc. 84.) The Court also dismissed Defendant's counterclaim for $60,000 and reserved for trial Plaintiff's claims in Counts II–V and Plaintiff's claim to the additional $112,102.28 of the principal balance it contends it is owed. (*Id*.) Due to concerns about its ability to collect additional amounts from Defendant, Plaintiff now moves under Federal Rule of

Civil Procedure 41(a)(2) for dismissal of Counts II–V, with prejudice, and further states that it will forego seeking the remaining $112,102.28 it sought under Count I. (Doc. 87.) Plaintiff states that dismissal of these claims and amounts resolves all remaining disputes between the parties and thus requests entry of final judgment in accordance with the Court's summary judgment order. (*Id.*)

A court may dismiss an action, at the plaintiff's request, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Furthermore, Local Rule of Civil Procedure 7.2(c) directs that a party shall have fourteen days after service of a motion to file a responsive memorandum. If a party does not serve and file a responsive memorandum within that time frame, this failure "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). As Defendant has not opposed Plaintiff's Motion for Entry of Final Judgment, and granting the Motion will resolve the claims and amounts remaining in dispute, the Court will grant the Motion and dismiss this case.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Entry of Final Judgment (Doc. 87) is **granted**. Counts II–V and Plaintiff's claim to the additional $112,102.28 of the principal balance are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter final judgment in favor of Plaintiff as follows:

Plaintiff shall have and recover a judgment from Defendant in the total amount of **$983,361.26**, comprised of $667,700.42 in principal and contractual interest through September 8, 2022 in the amount of $315,660.84, plus interest thereafter at the per diem rate of $378.45 until entry of this Judgment and with post-judgment interest to apply thereafter at the applicable rate.

**IT IS FURTHER ORDERED** that the parties' Stipulation to Suspend Deadline for Filing Joint Proposed Pretrial Order (Doc. 88) is **denied as moot**.

. . . .

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close this case.

Dated this 30th day of September, 2022.

_____
Honorable Rosemary Márquez
United States District Judge