**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PharMerica Mountain LLC, | No. CV-20-00493-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Rehab Campus LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff PharMerica Mountain LLC's ("Plaintiff" or "PharMerica") Motion for Attorneys' Fees and Costs. (Doc. 91.) Defendant Arizona Rehab Campus LLC ("Defendant" or "ARC") did not file a response. The Motion will be granted.

## I.    Background

In an August 9, 2022 Order, the Court granted Plaintiff's Motion for Partial Summary Judgment. (Doc. 84.) The Order found Defendant liable on Count I in the total amount of $877,395.26, comprised of $667,700.42 in principal and $209,694.84 in contractual interest, plus $378.45 in contractual interest accruing after December 2, 2021. (*Id.*) The Order reserved Plaintiff's claims in Counts II–V, and its associated claim for $112,102.28, for trial. (*Id.*) Thereafter, Plaintiff moved to dismiss its remaining claims in Counts II-V and the additional $112,102.28 owed and moved for entry of final judgment. (Doc. 87.) Defendant did not oppose the Motion and on October 3, 2022, the Court

1  entered final judgment in favor of Plaintiff in the amount of $983,361.26, comprised of
2  $667,700.42 in principal and contractual interest in the amount of $315,660.84 through
3  September 8, 2022, plus interest thereafter at the per diem rate of $378.45 until entry of
4  judgment and post-judgment interest thereafter. (Doc. 89.)

5       **II.    Attorneys' Fees**

6      **A. Motion for Attorneys' Fees**

7  Plaintiff's Motion for Attorneys' Fees seeks $376,063.49 from ARC, comprised of
8  $8,969.88 in taxable costs and $367,093.61 in attorneys' fees and related expenses. (Doc.
9  91.) Plaintiff's Motion notes that Defendant does not oppose its entitlement to fees under
10  applicable law, and further, that Defendant substantively agrees with the amount of fees
11  Plaintiff seeks. (*Id*. at 2.)

12  Plaintiff contends that it is entitled to an award of fees and costs pursuant to
13  A.R.S. § 12-341 and A.R.S. § 12-341.01. (*Id*. at 2-3.) Plaintiff contends that the Court,
14  upon considering the relevant factors,[1] should exercise its discretion to award Plaintiff
15  attorneys' fees. (*Id*. at 4.) Specifically, Plaintiff contends that (1) Defendant's argument
16  was meritless; (2) Defendant forced Plaintiff to litigate this matter to completion despite
17  Plaintiff's multiple attempts to settle for lesser amounts, and refused to settle even after
18  the Court granted Plaintiff summary judgment; (3) Defendant has not provided any
19  evidence of its inability to pay; (4) Plaintiff succeeded on the majority of the relief it
20  sought; (5) while Plaintiff's claims were not novel and arose out of a typical breach-of-
21  contract dispute, Defendant's defense was novel and forced Plaintiff to spend substantial
22  time and money litigating; (6) Defendant's general argument was one that courts have
23  previously heard and rejected; and (7) Defendant clearly lacked tenable defenses to
24  Plaintiff's claims, as evidenced by the Court's summary judgment ruling. (*Id*. at 3-7.)

25  Plaintiff goes on to argue that, pursuant to the factors listed in LRCiv 54.2(c)(3),
26  the award sought is reasonable. (*Id*. at 7.) Specifically, Plaintiff contends that this case
27  required Plaintiff's attorneys to put forth substantial time and labor, including countering

28

[1] *See Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985).

- 2 -

1   Defendant's filings, preparing for and conducting seven depositions, including one of
2   Defendant's expert witness, and completing routine motion practice. (*Id*. at 8-9.) Plaintiff
3   further contends that (1) Defendant's defense complicated this case unnecessarily; (2)
4   Plaintiff's counsel spent over 1,300 hours litigating this matter, which precluded its
5   ability to work for other clients; (3) Plaintiff's counsel has represented PharMerica since
6   its inception and has significant knowledge and skill in health care litigation; and (4)
7   Defendant does not object to Plaintiff's entitlement to fees but only to certain categories
8   of fees, and Plaintiff reduced its fee request in response to Defendant's objections. (*Id*. at
9   7-10; *see also* Doc. 91-4.[2])

10       Lastly, Plaintiff argues that it is entitled to costs for computerized legal research as
11   they can be awarded under A.R.S. § 341.01 as "an element of an award of attorneys'
12   fees." (*Id*. at 10); *see Ahwatukee Custom Ests. Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401,
13   403, 973 P.2d 106, 108 (1999). Plaintiff incurred $5,586.61 in expenses for computerized
14   legal research in this matter and requests an award in that amount in conjunction with
15   attorneys' fees. (*See* Doc. 91-2 at 89.)

16       In support of its Motion, Plaintiff provides an affidavit by Daniel E. Hancock, an
17   attorney at Fultz Maddox Dickens PLC ("FMD"). (Doc. 91-1.) The affidavit attests as to
18   the rates and qualifications of FMD's attorneys who worked on this matter. (*Id*.)
19   According to the affidavit, attorney Jennifer Metzger Stinnett has been a member of the
20   Kentucky bar since 2003, her practice focuses on business disputes within the healthcare
21   industry, and she has represented PharMerica in such matters since joining FMD. (*Id*. at
22   2.) Her rates charged on this matter range from $320 to $360 per hour and her time
23   entries total 474.8 hours. (*Id*.) William H. Mazur has been a member of the New York
24   and Illinois bars since 2011 and his practice focuses on healthcare business litigation.
25   (Id.) His rates for this matter ranged from $285 to $295 per hour and his time entries total
26   350.8 hours. (*Id*.) Mr. Hancock avers that he has been a member of the Kentucky bar

27
28

---

[2] Plaintiff's Statement of Consultation in support of its Motion avers that defense counsel confirmed in writing that Defendant did not object to Plaintiff's entitlement to costs and fees and that its objections to the requested award were limited to the specific objections in response to which Plaintiff reduced its requested award. (Doc. 91-4.)

since 2011 and his practice focuses on healthcare regulation, business disputes in the healthcare context, and government investigations, and he has represented PharMerica since joining FMD. (*Id*. at 2-3.) His rates charged on this matter range from $300 to $320 per hour and his time entries total 319.6 hours. (*Id*. at 3.) Matthew C. Williams has been a member of the Kentucky bar since 2014, his practice focuses on business disputes in the healthcare industry, and he has represented PharMerica since joining FMD. (*Id*.) His rates charged on this matter range from $330 to $350 per hour and his time entries total 7 hours. (*Id*.) Benjamin C. Fultz has been a member of the Kentucky bar since 1992, his practice focuses on business disputes in the health care industry, and he has represented PharMerica since its inception. (*Id*. at 3-4.) His rate charged in this matter was $390 per hour and he billed 0.4 hours. (*Id*. at 4.) Monica A. Limón-Wynn, who served as local counsel to Plaintiff in this matter, has been a member of the Arizona bar since 1998. (*Id*. at 4.) She is admitted to practice in the state and federal courts of Arizona and the Ninth Circuit Court of Appeals. (*Id*.) Her rate charged in this matter was $400 per hour and her time entries total 7.6 hours. (*Id*.) The affidavit provides additional information about the qualifications of the firm's paralegals and avers that their hourly rates are reasonably and in accordance with their training, experience, and the rates charged by other paralegals in the community. (*Id*. at 5.)

Mr. Hancock further avers that although FMD is a small firm, it is well-known and highly regarded in the health care industry and practices nationwide. (*Id*. at 4.) He avers that FMD charges PharMerica rates that are slightly discounted from its attorneys' regular rates. (*Id*.) He avers that the rates charged take into account each attorney's experience, ability, and training, that those rates are aligned with the rates charged by other lawyers in the community with similar training, education, and experience, and that they are reasonable and consistent with, or below, the rates of Arizona attorneys with the same level of experience. (*Id*.) Plaintiff attaches to its Motion a detailed record of time entries in this matter, which include the date the activity was billed, the individual who performed it, the amount of time and expense incurred, and a description of the work

1   performed. (Doc. 91-2 at 1-88.) Plaintiff also attaches a record of its computerized legal
2   research. (*Id*. at 89.)

3   **B.  Applicable Law**

4       The Court has found that that Arizona law governs this breach of contract action,
5   and that Defendant breached its contract with Plaintiff. (Doc. 84.) Arizona law provides
6   that "[i]n any contested action arising out of a contract, express or implied, the court may
7   award the successful party reasonable attorney fees." A.R.S. § 12-341.01. Thus, Arizona
8   law authorizes an award of attorneys' fees to Plaintiff. Arizona courts have established
9   seven factors for courts to consider in determining whether to grant an award of
10  attorneys' fees to the prevailing party: (1) merits of the claim or defense presented by the
11  unsuccessful party; (2) whether the litigation could have been avoided or settled and the
12  successful party's efforts were superfluous in achieving the result; (3) whether assessing
13  fees against the unsuccessful party would cause an extreme hardship; (4) whether the
14  successful party prevailed on all of the relief sought; (5) the novelty of the legal question
15  presented; (6) whether such claims or defenses have previously been adjudicated in the
16  jurisdiction; and (7) whether an award would discourage other parties with tenable claims
17  or defenses from litigating or defending legitimate contract issues for fear of incurring
18  liability for substantial amounts of attorney's fees. *Associated Indem. Corp. v. Warner*,
19  143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).

20      The factors listed in Local Rule of Civil Procedure 54.2's provisions guide the
21  Court in determining whether the requested attorneys' fees are reasonable. *See Gen.*
22  *Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986); LRCiv 54.2(c)(3).

23      "[C]ourts employ the 'lodestar' method to determine a reasonable attorney's fees
24  award," which is a two-step process. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir.
25  2016) (citing *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). "[A] court
26  [first] calculates the lodestar figure by multiplying the number of hours reasonably
27  expended on a case by a reasonable hourly rate." *Id*. "A reasonable hourly rate is
28  ordinarily the prevailing market rate in the relevant community." *Id*. (internal citation

omitted). "The lodestar figure 'roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case' [] and is therefore a presumptively reasonable fee." *Id.* (citing *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013)). "[T]he court [then] determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Id.* (internal citations omitted).

In determining what constitutes a reasonable hourly rate, the Court looks to the prevailing market rates in the relevant community "for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (internal citation omitted). "[T]he general rule is that the rates of attorneys practicing in the forum district . . . are used." *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (internal citation omitted). Plaintiff bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (internal citation omitted). "[A]ffidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, are satisfactory evidence of the prevailing market rate." *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990)). "Parties seeking fees may 'establish the appropriate rate for lodestar purposes' by submitting 'declarations stating that the rate' sought is 'the prevailing market rate in the relevant community,' which is the forum where the district court sits." *Arnhoelter v. Kaus*, No. CV-20-00403-PHX-JAT, 2020 WL 4673160, at *4 (D. Ariz. Aug. 12, 2020) (citing *Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir. 1991)). "Additionally, evidence that counsel has charged his usual rate for the type of work done is proof that the rate is reasonable." *Id.* (internal citation omitted).

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433–34. The district court should exclude from the fee calculation "hours that were not reasonably expended." *Id.* (internal citation omitted.) Counsel for the prevailing party should exclude hours that are "excessive, redundant, or otherwise unnecessary," and "billing judgment is an important component in fee setting." *Id.*

In the second part of the analysis, in determining whether the lodestar figure should be adjusted upward or downward, the Court considers the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (internal citations omitted); LRCiv 54.2(c)(3) (listing factors bearing on reasonableness of attorneys' fee award). A mere statement that the Court has considered the foregoing factors is insufficient; the Court must "articulate with sufficient clarity the manner in which it makes its determination." *Carter*, 757 F.3d at 869 (citation and internal quotation marks omitted).

LRCiv 54.2(c) requires that a motion for award of attorneys' fees be supported by a memorandum of points and authorities that discusses the party's eligibility and entitlement to the award and the reasonableness of the amount sought, based on the listed factors. LRCiv 54.2(e)(2) provides that "the party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated." Information that must be included is "(A) The date on which the service was performed; (B) The time devoted to each individual unrelated task performed on such day; (C) A description of the service provided; and (D) The identity of the attorney,

paralegal, or other person performing such service." LRCiv 54.2(e)(1). That rule further provides that services rendered must be adequately described to facilitate the evaluation of the reasonableness of the charge. LRCiv 54.2(e)(2). The Rule provides examples of sufficient service descriptions, including (1) telephone calls "must identify all participants and the reason for the call"; (2) legal research must "identify the specific legal issue researched and, if appropriate . . . the pleading or document"; and (3) preparation of pleadings and documents must identify the document and "the activities associated with its preparation." LRCiv 54.2(e)(2).

### C. Discussion

Having considered the factors set forth in *Associated Indem. Corp.*, the Court finds it appropriate to exercise its discretion to grant Plaintiff's request for attorneys' fees pursuant to A.R.S. § 12-341.01. *See* 694 P.2d 1181, 1184. Specifically, the Court finds that (1) Plaintiff's claim was meritorious, while Defendants' defense largely lacked merit; (2) the litigation could have been settled earlier, especially considering that Plaintiff made settlement offers to Defendants in amounts less than the amount eventually awarded at summary judgment; (3) there is no evidence that assessing fees against Defendant would result in hardship; (4) Plaintiff prevailed on the relief it sought; (5) the legal questions presented were not novel; (6) similar claims have previously been adjudicated in this jurisdiction; and (7) an award of attorneys' fees to Plaintiff would not discourage other parties in similar cases with tenable claims from litigating or defending legitimate contract issues.

Next, the Court finds that the hourly rates charged by Plaintiff's attorneys are reasonable. Plaintiff's attorneys seek rates ranging between $285 and $400, and provide information regarding their qualifications, experience, and training to support these requests. Furthermore, FMD avers that the rates it charged PharMerica are slightly below what it charges other clients, which constitutes proof that the rate sought is reasonable. Plaintiff further avers that its counsel have represented PharMerica since its inception; therefore, they are knowledgeable and skilled in the area of health care litigation and are

familiar with PharMerica's operation, allowing them to provide more efficient representation. Considering these factors, the Court finds that the hourly rates charged are reasonable.

The Court further finds that the number of hours expended on this matter was reasonable. Plaintiff is correct in its assertions that Defendant refused settlement and chose instead to litigate this case through summary judgment, at which point the Court found in favor of Plaintiff on all relevant claims. Had Plaintiff not voluntarily dismissed its remaining counts and claims, those matters would have then proceeded to a jury trial. Plaintiff's documentation of the time it spent on this matter reflects detailed records of the work it performed, including conferences and phone calls, legal research, drafting pleadings, and conducting discovery. The tasks billed by Plaintiff are reasonable considering the nature of this litigation and the amount and type of work required. Additionally, Plaintiff's records are sufficiently detailed and descriptive to comply with LRCiv 54.2(e).

Lastly, the Court considers whether the lodestar figure should be adjusted upward or downward based on consideration of the relevant factors. *Carter*, 757 F.3d at 869. Specifically, the Court finds that (1) litigating this matter to completion required substantial time and labor; (2) the legal questions presented were not particularly novel or difficult, though Defendant's arguments required a significant amount of time and effort to refute, and the matters involving pharmaceutical billing were technical; (3) completion of this case required legal skill, particularly with respect to the issues involving pharmaceutical billing and third-party payors; (4) Plaintiff's attorneys were precluded from accepting other work due to this case; (5) the fees charged were at or below the customary fee, and were fixed, not contingent; (7) Plaintiff obtained favorable results on all the relief it sought; (8) the attorneys' experience, reputation, and ability justifies the fees sought; and (9) Plaintiff's attorneys' lengthy professional relationship with PharMerica justifies the fees sought herein. The Court further notes that Plaintiff and Defendant conferred regarding the requested fees, Defendant made specific objections to

certain fee requests and affirmed that it did not otherwise object, and Plaintiff reduced its fee request in accordance with Defendant's objections. (Doc. 91-4.)

With respect to the requested attorneys' fees in the amount of $5,586.61, the Court notes that although Plaintiff's table of research entries does not include descriptions of the research performed, each entry is linked to at least one time entry that describes the research and the purpose for which it was performed.

Having considered the relevant factors, the Court finds that the lodestar need not be adjusted, and that Plaintiff's requested attorneys' fees in the amount of $367,093.61 are reasonable.

## III.   Costs

As the Court has found that Arizona law governs this breach of contract action (*see* Doc. 84 at 6), the Court finds that Arizona law governs the assignment of costs. A.R.S. § 12-341 provides for mandatory shifting of taxable costs to the unsuccessful party in a civil action. Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 provide that a prevailing party may recover costs for:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

LRCiv 54.1(e) provides the following regarding taxable costs, in relevant part:

> (1) Clerk's Fees and Service Fees. Clerk's fees (see 28 U.S.C. § 1920), and service fees, including private process servers' fees, are taxable. Fees for admission pro hac vice are not taxable.
> (2) Fees Incident to Transcripts - Trial Transcripts. The cost of the originals of transcripts of trials or matters prior or subsequent to trial, is taxable at the rate authorized by the judicial conference when either

requested by the Court, or prepared pursuant to stipulation. Mere acceptance by the Court of a copy does not constitute a request. Copies of transcripts for counsel's own use are not taxable in the absence of a special order of the Court.

(3) Deposition Costs. The reporter's charge for an original and copy of a stenographic transcript of a deposition is taxable if it was necessarily obtained for use in the case whether or not the deposition was actually received into evidence or was taken solely for discovery purposes. The cost of obtaining a copy of a stenographic transcript of a deposition by parties in the case other than the one taking the deposition is also taxable on the same basis. The reasonable expenses of the deposition reporter and a notary presiding at the taking of the depositions are taxable, including travel and subsistence. Counsel fees and other expenses incurred in arranging for and attending a deposition are not taxable. Fees for the witness at the taking of a deposition are taxable at the same rate as for attendance at trial. The witness need not be under subpoena. A reasonable fee for a necessary interpreter at the taking of a deposition is taxable. Costs associated with a video recording are not taxable.

(5) Exemplification and Copies of Papers. The reasonable cost of copies of papers necessarily obtained from third-party records custodians is taxable. The reasonable cost of documentary exhibits admitted into evidence at hearing or trial is also taxable, including the provision of additional copies for the Court and opposing parties. The cost of copies submitted in lieu of originals because of the convenience of offering counsel or client are not taxable. All other copy costs are not taxable except by prior order of the Court.

Plaintiff filed a Bill of Costs documenting taxable costs incurred in the amount of $8,969.88. (Doc. 91-3 at 1.) The documented costs include: (1) filing fee in the amount of $400.00 and service fees in the amount of $320.50; (2) deposition transcripts of Mark Clancy, Jessica Szczepkowski, and Barbee Arthur in the amount of $733.80; (3) deposition costs for Daryl Millar ($2,551.05), Rochelle Glassman ($1,450.54), Nicole Williams ($1,825.63), and Michael Zipprich ($488.36) (these costs include court reporter, hourly appearance, exhibits, and processing fee, and do not include videographer and related costs); and (4) expert witness fee for Rochelle Glassman in the amount of $1,200.00. (Doc. 91-3.) The Court finds these costs reasonable and notes that Defendant does not object.

Accordingly,

1      **IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 91)

2  is **granted** as follows:

3      (1) Plaintiff is awarded taxable costs in the amount of **$8,969.88**.

4      (2) Plaintiff is awarded attorneys' fees, including legal research expenses, in the

5          amount of **$367,093.61**.

6      Dated this 14th day of November, 2022.

Honorable Rosemary Márquez
United States District Judge